IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLE ANN DIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-450-D |
| ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Plaintiff has initiated this action by filing a two-page, handwritten document (the "Complaint"), along with 44 pages of various attachments. Due to its handwritten nature, the Complaint is difficult (and, at times, impossible) to read, and the parts that can be read are nearly impossible to understand. As best the Court can tell, Plaintiff alleges some sort of conspiracy involving the State of Oklahoma, various Guthrie, Oklahoma municiple entities, and perhaps the mayor of Oklahoma City and U.S. Attorney. In the 44 pages of attachments, Plaintiff mentions, among other things, the government killing her mother and stealing social-security information, being stalked by the mob, and her children being kidnapped.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). To be sufficient, the statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which

it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *Pro se* litigants, like Plaintiff, are not excused from Rule 8's requirements. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.").

Although Plaintiffs' Complaint must be liberally construed, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Rather, dismissal is appropriate where a *pro se* complaint is unreasonably long, rambling, or otherwise filled with irrelevant material. *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (affirming dismissal of 99-page complaint because "[i]n its sheer length, [plaintiff] has made her complaint unintelligible by scattering and concealing in a morass of irrelevancies the few allegations that matter") (quotation omitted).

Despite a liberal construction, the Complaint in this case fails to comply with Rule 8. First, Plaintiff includes no jurisdictional information in the Complaint or attachments. Indeed, it is unclear what Plaintiff's citizenship is, and it is further unclear what person or entity she is trying to sue. Any basis for federal-question jurisdiction, to the extent it exists, is likewise unclear. Federal courts have limited subject matter jurisdiction, and a basis of federal jurisdiction must be affirmatively pleaded. *See* Fed. R. Civ. P. 8(a)(1). Without even

basic jurisdictional information, the Complaint fails to comply with Rule 8.[1] *See Harris v. Tulsa 66ers*, 551 F. App'x 451, 451 (10th Cir. 2014) (noting that a *pro se* plaintiff "must allege facts in his complaint to show that the district court had jurisdiction, such as federal question or diversity jurisdiction").

Second, the Complaint fails to give fair notice to any potential defendant of a plausible claim upon which relief can be granted, and it lacks any specific demand for relief. As mentioned, the Complaint is nearly impossible to read, and any portion that is readable falls well short of stating a plausible claim upon which relief can be granted. Further, the 44 pages of attachments touch on myriad issues, the interrelatedness of which is difficult, if not impossible, to discern. "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Mann*, 477 F.3d at 1148 (quoting *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)).

Third, and last, Plaintiff has neither paid the filing fee for her action nor requested leave to proceed in forma pauperis under 28 U.S.C. § 1915.

For these reasons, the Court finds that the Complaint should be dismissed without prejudice.

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *accord 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("[A] court may *sua sponte* raise the question of whether there is subject matter jurisdiction[.]"); *see also Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice to refiling. A separate judgment shall be entered accordingly.

**IT IS SO ORDERED** this 28th day of April, 2025.

                                                    TIMOTHY D. DeGIUSTI
                                                    Chief United States District Judge